**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAMPLIGHT LICENSING LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ABB INC.,<br><br>　　　　　　　Defendant. | C.A. No. 1:22-cv-418-CFC |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

ABB Inc. hereby moves for a narrowly crafted protective order in light of this Court's Memorandum Order dated November 10, 2022. *See* D.I. 24. ABB respectfully requests that this Court enter a protective order to protect certain confidential information that ABB expects to be produced under this Court's Memorandum Order. Specifically, ABB asks for an order that would prevent the public filing of three categories of information that ABB expects to be provided by Plaintiff and its counsel in response to the Court's Memorandum Order:

- Correspondence and other communications related ABB sales of the accused product(s) and royalty rates calculated based on those sales;

- Correspondence and other communications related to the terms of the settlement agreement between ABB and Lamplight Licensing LLC ("Lamplight"); and

1

- The settlement agreement itself and drafts thereof.

ABB further requests an Order indicating that reasonable efforts are to be taken to avoid the public disclosure of this ABB confidential information and that it be given an opportunity to make a redaction request before issuance of any public opinion that would include ABB confidential information.

ABB submits that there is good cause for the issuance of a protective order: (1) precluding Plaintiff from filing these documents publicly and (2) preventing the discussion of the above-identified information found in emails or text messages (or other documents) on the public record during an evidentiary hearing or in any public opinion that may issue from the Court.

Pursuant to Local Rule 7.1.1, ABB's counsel discussed this motion with counsel for Plaintiff, and Plaintiff indicated it did not oppose the relief sought.

## **STATEMENT OF THE FACTS**

1. On March 30, 2022 Lamplight Licensing LLC filed a complaint accusing ABB Inc. of patent infringement. D.I. 1.

2. Counsel for ABB contacted Plaintiff's counsel to negotiate an extension of time to answer or otherwise plead to the Complaint and Plaintiff agreed to provide a 30-day extension. D.I. 7.

3. Between April 2022 and October 2022 the parties negotiated the terms of a confidential settlement agreement. *See* Ex. A (Sommer Decl.), ¶ 3. The

negotiation led to several more stipulations extending time to respond to the Complaint and led Plaintiff to move for two short stays of the litigation to allow the parties to reach and memorialize an agreement. D.I. 7, 8, 9, 10, 11.

4. ABB provided information about sales of the accused products to Plaintiff's counsel as part of settlement talks. *See* Ex. A (Sommer Decl.), ¶ 4. The parties' discussions included negotiation of consideration, the scope of rights to be conveyed, releases, warranties, and other terms. *Id.*, ¶ 3. To this end, Mr. Sommer had a number of email exchanges with the Chong Law Firm, P.A. with the understanding that the firm was representing Lamplight's interests during the negotiations. *Id.* ¶ 6. These emails included proposed contractual terms and offers—and ultimately an acceptance—of consideration for certain rights. *Id.*, ¶ 3.

5. After the agreement was finalized, Plaintiff filed a Notice of Voluntary Dismissal With Prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) on November 2, 2022. D.I. 21.

6. After Plaintiff voluntarily dismissed its complaint against ABB, this Court held an evidentiary hearing to determine whether Plaintiff has complied with this Court's standing order regarding third-party litigation funding. D.I. 13 & Minute Entry (Nov. 4, 2022).

7. After the November 4th hearing, this Court issued the Memorandum Order expressing "concerns that include but are not limited to the accuracy of

statements in filings made by Plaintiff Lamplight Licensing LLC ('Lamplight') with the Court and whether the real parties in interest are before the Court." D.I. 24 at 1. The Court then ordered Plaintiff to "produce to the Court . . . copies of [certain] documents and communications that are in the possession, custody, and control of Lamplight; Sally Pugal; and/or The Chong Law Firm, P.A." *Id.* at 1-2. Among the documents ordered to be provided to the Court are documents that relate to "U.S. Patent No. 9,716,393," "the settlement or potential settlement of these cases," and "the dismissal of these cases." *Id.* at 2-3.

## ARGUMENT

ABB asks this Court to enter a protective order limiting the public dissemination of ABB's agreement with Lamplight Licensing LLC and the terms of that agreement. Entry of such a protective order is warranted to protect the confidential information of Defendant ABB from public disclosure.

The action against ABB was dismissed with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i). That dismissal was self-effectuating. *See In re Bath & Kitchen*, 535 F.3d 161, 165-166 (3rd Cir. 2008) (quoting *inter alia Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("[The notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life . . . .").) This Court has exercised its authority to retain jurisdiction to decide collateral issues related to Plaintiff's compliance with certain orders of this Court. *See In re Bath &*

4

*Kitchen*, 535 F.3d 166 n.8 (citing *Cooler Gell v. Hartmax Corp.*, 496 U.S. 384, 396-98 (1990).). In its recent Memorandum Order, the Court ordered the production of documents relating to "U.S. Patent No. 9,716,393," "the settlement or potential settlement of these cases," and "the dismissal of these cases." D.I. 24 at 2-3. Based on discussions with Plaintiff's counsel these documents will include correspondence discussing the terms of ABB's confidential settlement with Plaintiff and information about ABB's sales and revenue related to the accused product(s). Ex. A (Sommer Decl.), ¶¶ 3-5.

There is good cause to support granting a protective order. *See* Fed. R. Civ. P. 26(c); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986). The public does not have a right to access documentation related to the terms of ABB's confidential settlement agreement with Plaintiff. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783 (3rd Cir. 1994) (no right of access to settlement agreement that is not filed with the court and over which the court has not retained jurisdiction because settlement agreement is not a "judicial record"); *Uniloc USA, Inc. v. Apple Inc.*, 25 F.4th 1018, 1024 (Fed. Cir. 2022) ("[N]o rule of law or binding precedent says that the public is generally entitled to know what consideration a patentee receives for licensing its patent . . . Absent an issue raised by the parties concerning licensee rights and provisions, there is no public interest or entitlement to information concerning consideration for the grant of licenses."). Moreover, there is no

presumptive right to public access of discovery materials such as those ordered to be produced by the Court. *Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3rd Cir. 1993).

ABB expects that all of its settlement communications including those related to its product sales, exchanges of offers and counteroffers, the consideration paid, and the terms of the agreement will be produced when Plaintiff complies with this Court's order. ABB's agreement with Lamplight includes a confidentiality provision that precludes either party from publicizing the agreement or its terms. Ex. A (Sommer Decl.), ¶ 5. The confidentiality provision is not mere boilerplate. ABB expected that its settlement discussions and the resulting agreement would not be aired openly. The license agreement includes key terms including consideration, identification of licensed parties, and terms related to the scope of the rights being granted. *Id.*, ¶ 5. Additionally, the agreement includes recitals based on representations ABB made concerning sales of the products identified by the Plaintiff in its Complaint. *Id.* ABB's product sales, the consideration paid, and other terms of the settlement are confidential and are not known to the public. *Id.*

The public disclosure of this information would harm ABB by disclosing the consideration paid, the rights received, the parties covered by the agreement, and information about the sales of the products at issue in the underlying action. Public disclosure of this information is likely to harm ABB by providing would-be licensors

insights into ABB's licensing practices, competitors of ABB insights into ABB's product sales, and other prospective licensees insights into the consideration ABB paid.

Therefore, entry of a protective order is appropriate to prevent the public dissemination of information ABB provided to Plaintiff's counsel regarding ABB product sales and the terms of ABB's settlement with Plaintiff. To be clear, ABB is not asking this Court to limit or withdraw its Memorandum Order. ABB instead is only asking that certain protections be put in place to avoid the public disclosure of ABB confidential information.

## **CONCLUSION**

For the foregoing reasons, ABB respectfully requests that this Court enter a protective order that (1) precludes Plaintiff from filing requested discovery materials including ABB confidential information on the public docket, (2) requires reasonable efforts to prevent the public disclosure of ABB confidential information during any further evidentiary hearings, and (3) giving ABB the opportunity to make redaction requests before issuance of any public opinion that includes ABB confidential information.

|  |  |
|---|---|
| *Of Counsel:* | GREENBERG TRAURIG, LLP |
|  | */s/ Benjamin J. Schladweiler* |
| Andrew R. Sommer | Benjamin J. Schladweiler (#4601) |
| Greenberg Traurig, LLP | 222 Delaware Avenue, Suite 1600 |
| 1750 Tysons Boulevard, Suite 1000 | Wilmington, DE 19801 |
| McLean, VA 22102 | Phone: (302) 661-7000 |
| Phone: (703) 749-1370 | Fax: (302) 661-7360 |
| sommera@gtlaw.com | Email:  schladweilerb@gtlaw.com, |
|  | *Counsel for Defendant ABB Inc.* |

Dated:  November 21, 2022